**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ADA A. GONZALEZ,**

    **Plaintiff,**

**vs.**                                                                               **Case No.  4:19cv128-MW/CAS**

**J. P. MORGAN CHASE BANK, N.A.,
MICHAEL J. RUDISILL, et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, initiated this case by submitting a civil complaint on March 15, 2019.  ECF No. 1.  In a separate Order entered this day, Plaintiff's amended in forma pauperis motion, ECF No. 7, has been granted.

Plaintiff also filed a notice of a prior or similar case pursuant to Local Rule 5.6 along with her in forma pauperis motion.  ECF No. 7-1.  Notably, Plaintiff has acknowledged a related case which she filed in state court, but which was removed to this Court in November 2017.  *See* case # 4:17cv502-WS/CAS.  That case has been stayed pending resolution of the

underlying state foreclosure action.  ECF No. 39.  Plaintiff also referenced several cases filed in the State of Florida: case numbers 2017-CA-1747 and 2017-CA-2521.  She notes that at least one case was brought against Defendant Michael J. Rudisill, Esq., and is related to the issues raised in this case.

Plaintiff's complaint here is brought against the following Defendants: J. P. Morgan Chase Bank, N.A., Michael J. Rudisill, Esq., Alfredo E. Gonzalez, Jennifer R. Dixon, Esq., Terry C. Young, Esq., and Ronald D. Edwards, Jr., Esq.  ECF No. 1 at 1.  None of those Defendants reside or are otherwise domiciled in the Northern District of Florida.  *Id.* at 2.  None of the actions allegedly taken by the Defendants occurred in the Northern District of Florida either.  *Id.* at 3-4.  However, as explained in greater detail below, there is no need to transfer this action.

First, it appears that Plaintiff is attempting to use this case to invalidate state court orders.  Plaintiff's complains that final judgments were obtained which deprived Plaintiff of "access to her deposit boxes in the State of New York J.P. Morgan Chase Bank branch located at 453 East 86th Street, new York, N.Y. 10028."  ECF No. 1 at 4.  She claims the Defendants engaged in "torturous actions" when obtaining the "three

fraudulent final judgments against Plaintiff." *Id.* at 3-4.  Based on those judgments, Plaintiff's former husband gained access to the safe deposit boxes and seized the property therein.  *Id.* at 4.  Plaintiff claims that the final judgments, including a "writ of garnishment," are all "void and null" and have caused her harm and violated her rights.  *Id.* at 7-8.  As relief, she seeks monetary damages and "immediate access" to the safe deposit boxes.  *Id.* at 9.

Attached to Plaintiff's complaint is a copy of a "Final Judgment of Garnishment as to Garnishee JPMorgan Chase Bank, N.A."  ECF No. 1 at 12-14.  Pursuant to that judgment, Plaintiff's former husband, Alfredo E. Gonzalez, was permitted to recover the cash proceeds from several bank accounts and to obtain the contents of two safe deposit boxes.  *Id.*  Another "Final Judgment of Garnishment" was issued to Garnishee Wells Fargo Bank, N.A., *id.* at 15-16, and Regions Bank, *id.* at 17-18.  Another attachment to the complaint reveals that Plaintiff has been sanctioned for "filing a factually and legally meritless petition to modify alimony," and that her appeal of the order dismissing her petition was dismissed.  *Id.* at 20-24.  That court order sanctioned Plaintiff for her abuse of the judicial process.

*Id.* Notably, the Order was signed by Circuit Court Judge Michael J. Rudisill, a named Defendant in this case. ECF No. 1 at 24.

Plaintiff is informed that this Court does not have jurisdiction to provide the relief she seeks. "The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes federal district courts from reviewing 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005) (quoted in Macleod v. Bexley, 730 F. App'x 845, 847 (11th Cir. 2018)); *see also* Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). Here, Plaintiff is complaining about injuries suffered due to final judgments entered in state court. She seeks a remedy which would overturn those judgments and give her "immediate access" to the safe deposit boxes awarded to her former husband. This Court lacks jurisdiction to do so. *See* Brown v. Coffin, No. 18-13709, 2019 WL 1306293, at *1, — F.3d — (11th Cir. Mar. 21, 2019) (holding that district

court lacked jurisdiction to "review and reject the final state court child-support and enforcement orders" challenged by father).  Additionally, Plaintiff is cautioned that the *Rooker-Feldman* doctrine also applies to a claim challenging an allegedly wrongful foreclosure on a house due to fraud.  Yeh Ho v. Wells Fargo Bank, N.A., 739 F. App'x 525, 531 (11th Cir. 2018).  Only the Supreme Court may review judgments entered by state courts.  A federal district court does not have jurisdiction to consider a claim that is essentially an appeal of a state court order.  Therefore, this action should be dismissed for lack of subject matter jurisdiction.

Second, another reason to dismiss this case is based on the doctrine of res judicata.  That doctrine "bars the re-litigation of claims that were raised or could have been raised in a prior proceeding."  Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013) (cited in McCulley v. Bank of Am., N.A., 605 F. App'x 875, 877 (11th Cir. 2015)).  Res judicata bars a successive lawsuit when four elements are met: 1) there was a final judgment on the merits in the first case, (2) the court entering judgment was a court of competent jurisdiction, (3) the parties in the instant case were parties in the prior case, and (4) both lawsuits involve the same causes of action.  McCulley, 605 F. App'x at 878 (holding that plaintiffs who

brought second lawsuit seeking to enjoin mortgage foreclosure "had a full and fair opportunity to litigate" their claims in the first case and the complaint was properly dismissed on res judicata grounds).  All elements appear to be met in this case based on the prior state court action identified by Plaintiff which was brought against Judge Michael J. Rudisill.  *See* case # 2017-CA-2521.

Judicial notice is taken that Plaintiff's case against Judge Rudisill was dismissed on April 6, 2018.  In an order entered by Circuit Judge John C. Cooper, the defendant's motion to dismiss was granted on the basis that the defendant had absolute judicial immunity.  Moreover, Judge Cooper's order noted that "Plaintiff's claims in her complaint [were] substantially identical to her claims alleged in" another action brought a year earlier.  The referenced case was 2016-CA-1285, notably a case that Plaintiff did not disclose.[1]  *See* ECF No. 7-1.  It would appear that Plaintiff's claim against Judge Rudisill cannot proceed in this case as she has twice had

---

[1] Judicial notice is taken of case number 2016-CA-1285, brought by Plaintiff against Michael J. Rudisill in June 2016.  The Defendant's motion to dismiss was granted on March 2, 2017, by Circuit Judge Charles W. Dodson.  Plaintiff's appeal was not successful and the Florida First District Court of Appeal entered a per curiam affirmance on July 19, 2018.  *See* appellate case # 1D18-186.

her claims against him dismissed.  Plaintiff is not entitled to three bites at the same apple and her claim is barred by res judicata.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for lack of subject matter jurisdiction and because Plaintiff's claim against Defendant Rudisill is barred by *res judicata*.

**IN CHAMBERS** at Tallahassee, Florida, on May 8, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or**

**recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.**  ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**